IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| **CHARLES FRANCIS KAYSER,** | |
| **Plaintiff,** | No. C11-2063 |
| vs. | ORDER DENYING MOTION TO COMPEL |
| **MOTORS LIQUIDATION COMPANY GUC TRUST (f/k/a GENERAL MOTORS CORPORATION),** | |
| **Defendant.** | |

This matter comes before the Court on the Motion to Compel Relating to Plaintiff's Request for Production of Documents Directed to Motors Liquidation Company (docket number 46) filed by Plaintiff Charles Francis Kayser on November 8, 2012, and the Opposition to Plaintiff's Motion to Compel (docket number 57) filed by Defendant Motors Liquidation Company GUC Trust on November 30.[1] Plaintiff's request for argument is denied. Pursuant to Local Rule 7.c, the issue will be decided without oral argument.

## *I. PROCEDURAL HISTORY*

The procedural history in this case is somewhat convoluted. On August 10, 2007, Kayser filed a petition at law in the Iowa District Court for Black Hawk County, seeking damages for injuries sustained in a motor vehicle accident on August 12, 2005. The General Motors Corporation ("GM") was named as a defendant. In October 2011, the action was removed to federal court.[2] At that time, the Defendant identified itself as

---

[1] Kayser did not file a reply, and the time for doing so has expired.

[2] During the four years while the action pended in state court, there was a substantial amount of activity. Attached to the notice of removal was over 1,000 pages of state court documents. The
(continued...)

Motors Liquidation Company GUC Trust (f/k/a General Motors Corporation) (the "GUC Trust").[3]

On June 12, 2012, Plaintiff filed an amended complaint. Three counts were directed to Defendant Daniel Sullivan Elam Miller, three counts were directed to Defendant General Motors Corporation, and one count – asserting *res ipsa loquitur* – was directed to Miller, GM, and two non-parties.[4] Motors Liquidation Company ("MLC") filed an answer on June 26, 2012. Acting on Kayser's motion, the claims against Miller have now been dismissed.[5]

Meanwhile, on January 12, 2012, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the Court established a November 10, 2012 deadline for completion of discovery. In reliance on the deadlines, a trial has been scheduled before Chief Judge Linda R. Reade on March 11, 2013.

---

[2](...continued)
petition was amended twice, the parties engaged in discovery, and GM sought summary dismissal of the action.

[3] On June 1, 2009, GM filed for Chapter 11 bankruptcy protection. As part of the bankruptcy proceeding, GM apparently sold its assets and certain liabilities to Vehicle Acquisition Holdings, LLC, which then changed its name to General Motors Company, k/n/a General Motors LLC ("GM LLC"). The company previously known as GM then changed its name to Motors Liquidation Company ("MLC"). According to the notice of removal, the bankruptcy court entered an order on March 28, 2011, establishing the "GUC Trust" and authorizing the trust to resolve certain claims pending against GM. The notice of removal states that the GUC Trust is the "successor" to GM in this action. "Pursuant to the Plan, the GUC Trust has the authority to liquidate or otherwise resolve all claims (whether unsecured or secured) against the Debtors." Opposition to Motion to Compel (docket number 51) at 4. On December 15, 2011, MLC was dissolved.

[4] It appears the non-parties (Elgin Milk Service, Inc. and Mark Wayne Hebrink) were included in the initial state court petition.

[5] It is unclear whether the *res ipsa loquitur* claim (Count V) was dismissed altogether, or against Miller only. *See* docket numbers 51 and 59.

## *II. ISSUE PRESENTED*

Kayser asks the Court to enter an order compelling the GUC Trust to produce documents described in subparagraphs 7(a) – 7(l) of his motion. While the motion is not a model of clarity, Kayser apparently asserts that the requests were included in a request for production of documents "filed" on about February 1, 2012. The motion fails to comply with Local Rule 37.b, which requires a party filing a motion to compel to attach a copy of the disputed request and any response. However, a copy of Kayser's request for production of documents, served on January 25, 2012, was attached to the GUC Trust's opposition as Exhibit J. A copy of MLC's response, served on February 27, 2012, was attached as Exhibit I.

## *III. DISCUSSION*

The GUC Trust first asks that the motion be summarily denied as untimely. As noted above, the Trust served its responses to the document request on February 27. Kayser did not file his instant motion until November 8, more than eight months later. In fact, the Trust asserts that some of the documents described in Kayser's instant motion to compel are contained in two requests for production of documents served by Kayser in the state court action in the spring of 2009.

While FEDERAL RULE OF CIVIL PROCEDURE 37 does not specify a time limit for filing a motion to compel, a deadline for filing is established in the local rules.

> Motions to compel must be filed as soon as practicable. In any event, except for good cause shown, motions to compel must be filed within 14 days after the discovery deadline.

Local Rule 37.c. Here, the motion to compel was filed two days prior to the discovery deadline. Nonetheless, the Court must consider whether it was filed "as soon as practicable."

Kayser has apparently filed five requests for production of documents in this case. Two requests for production were filed in the spring of 2009, while the case was pending in state court, and three requests for production have been filed since the case was

3

removed to federal court. GM responded to the first request for production on April 6, 2009.[6] GM responded to Kayser's second request for production on May 22, 2009.[7] After the case was removed to federal court, MLC responded to Kayser's "First Request for Production of Documents" on February 27, 2012.[8] MLC timely responded to Kayser's second request for production on October 5, 2012.[9] The GUC Trust's Opposition to the instant motion also states that it timely responded and/or objected to Kayser's third request for production served on October 11, 2012. The Court has not been provided, however, with a copy of the third request for production, or the Trust's response thereto.

Because Kayser failed to attach copies of the disputed discovery requests and the responses thereto – in violation of Local Rule 37.b – it is only with considerable effort that the Court can determine when the disputed discovery was requested and when Defendant served its response. The GUC Trust claims that some of the requests were made eight months ago, some of the requests were made three-and-a-half years ago, and that some of the items have *never* been previously requested.

If a party fails to permit inspection of documents requested under Rule 34, then the other party may move for an order compelling the inspection pursuant to Rule 37(a)(3)(B)(iv). However, if the moving party has unduly delayed, then the Court may conclude that the motion to compel is untimely. *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999) (citing Wright, Miller & Marcus, *Federal Practice and Procedure*). In *Gault*, a motion to compel filed 76 days after the close of discovery, and 136 days after receipt of the defendant's responses to requests for production of

---

[6] *See* GUC Trust's Opposition to Plaintiff's Motion to Compel, Exhibit K.

[7] *Id.*, Exhibit M.

[8] *Id.*, Exhibit I.

[9] *Id.*, Exhibit O.

documents, was denied as untimely. *Id.* at 621-22. Here, Kayser's motion to compel was filed 255 days after the GUC Trust responded to the first request for production, but two days before the discovery deadline.

Significantly, the deadline for filing dispositive motions was November 10, 2012 – the same date established for completion of discovery. The GUC Trust filed a motion for summary judgment on November 9, and Kayser filed a resistance on December 3. The pendency of a dispositive motion is a factor to be considered in determining whether a motion to compel is timely. *Id.* at 622 ("Absent unusual circumstances, [a motion to compel] should be filed before the scheduled date for dispositive motions."). *See also American Motorists Ins. Co. v. General Host Corp.*, 162 F.R.D. 646, 647-48 (D. Kan. 1995).

Local Rule 37.c requires a motion to compel be filed "as soon as practicable." Here, Kayser's request for production of documents was served on January 25, and MLC's response was served on February 27. Kayser offers no explanation as to why it was not practicable to file a motion to compel shortly after receiving MLC's responses. Instead, Kayser waited more than eight months – and just two days before the deadline for completion of discovery and filing dispositive motions – to file its instant motion to compel. "A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production." *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000). *See also Lobato v. Ford*, 2007 WL 3342598 (D. Colo. 2007) at *7 ("An aggrieved party is expected to seek judicial intervention in a timely manner.").

On May 16, 2012, Kayser's attorney sent a letter to the GUC Trust's attorney stating that he had written "a couple of times" about inadequate discovery responses "and I would appreciate your addressing those immediately or we will be forced to file a Motion

to Compel."[10] However, a motion to compel was not filed at that time. On June 4, Plaintiff's counsel sent another email attempting to schedule depositions, stating "[a]lso how about a response to our letters relating to your nonresponsiveness to our discovery requests?"[11] Again, Kayser took no formal action to compel discovery. Kayser has not produced any other evidence of an effort to obtain the requested discovery, until an email was sent on November 1, referring to responses made by GM to the second request for production of documents *served in April 2009.*[12]

To the extent the motion to compel seeks discovery of documents requested in the state court action in 2009, or the first request for production of documents in the federal action in February 2012, the Court concludes it is untimely. That is, by failing to file a motion to compel "as soon as practicable," as required by Local Rule 37.c, Kayser waived his right to complain this late in the game that the responses were inadequate. The discovery deadline has now expired, the GUC Trust has filed a dispositive motion, and the trial is upcoming. Requiring additional discovery at this time on matters which should have been addressed long ago would be prejudicial to the GUC Trust and disruptive to orderly pretrial procedure.

The Court reaches a different conclusion, however, regarding documents requested in Kayser's recent second and third requests for production. MLC responded to Kayser's second request on October 5, and apparently responded to a third request served by Kayser on October 11. (As indicated above, the Court has not been provided with the third request for production, or the response.) To the extent the GUC Trust failed to adequately responded to those two requests for production, Kayser's motion to compel is timely.

---

[10] Motion to Compel, Exhibit A (docket number 46-1).

[11] *Id.,* Exhibit B (docket number 46-2).

[12] *Id.,* Exhibit C (docket number 46-3).

Because Kayser failed to attach copies of the disputed requests and responses, however, as required by Local Rule 37.b, the Court is unable to determine which of the documents described in Kayser's motion were included in his recent request for production, if any. Therefore, Kayser's motion to compel will be denied in its entirety.

### ORDER

IT IS THEREFORE ORDERED that the Motion to Compel (docket number 46) filed by Plaintiff on November 8, 2012 is **DENIED**.

DATED this 11th day of December, 2012.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA